**In re FLEMING COMPANIES, INC., et al., Debtors.**

**No. 03–10945(MFW).**

United States Bankruptcy Court, D. Delaware.

April 1, 2004.

Christopher James Lhulier, Kathleen Marshall DePhillips, Laura Davis Jones, Pachulski, Stang, Ziehl, Young & Jones, PC, Wilmington, DE, Scott D. Cousins, Victoria Watson Counihan, William E. Chipman, Jr., Greenberg Traurig, LLP, Wilmington, DE, Scotta Edelen McFarland, Pachulski, Stang, Ziehl, Young, Jones, Los Angeles, CA, Sheldon K. Rennie, Fox, Rothschild, O'Brien & Frankel, LLP, Wilmington, DE, for Fleming Companies, Inc.

Thomas C. Marconi, Losco & Marconi, PA, Wilmington, DE, for Operating Bradley and Mitsui Bussan Logistics, Inc.

S.D. Deacon Corp. of California, pro se.

John Henry Knight, Richards, Layton & Finger, PA, Wilmington, DE, for S.D. Deacon Corp.

Richard P. S. Hannum, Swartz, Campbell, Detweiler, Wilmington, DE, for Dana B. Geyer, trustee.

Julie L. Compton, Office of U.S. Trustee, Wilmington, DE, U.S. Trustee.

Aaron A. Garber, David M. Fournier, Adam Hiller, Pepper Hamilton, LLP, Wilmington, DE, Dennis Dunne, Derrick Talerico, Susheel Kirpalani, Milbank, Tweed, et al., New York City, Kirk A. Kennedy, Kirkland & Ellis, Chicago, IL, for Official Committee of Unsecured Creditors and Pepper Hamilton, LLP.

Jennifer Lee Scoliard, Steven K. Kortanek, Klehr, Harrison, Harvey, Branzburg & Eller, Wilmington, DE, for Official Committee of Reclamation Creditors.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion of Barry Road Foods, Inc., for the allowance and payment of an administrative claim, adequate protection, and assumption or rejection of its equipment lease ("the Equipment Lease") pursuant to sections 365 and 503 of the Bankruptcy Code. The Debtor opposes the Motion and contends that the Equipment Lease is in fact a disguised security agreement that is not subject to section 365. In the event the Court concludes that it is a lease, however, the Debtor seeks to reject it. For the reasons set forth below, we conclude that the Equipment Lease is a disguised security agreement. Accordingly, we deny the Motion.

## I. FACTUAL BACKGROUND

In 1990, Fleming Companies, Inc. ("the Debtor"), approached Barry Road Foods, Inc. ("Barry Road") with an opportunity to own and operate a Food 4 Less store in Kansas City, Missouri. The parties executed several agreements by which Barry Road purchased equipment and inventory for $2.2 million and sublet the store from the Debtor.

In 1996, the Debtor implemented a new sales program altering the price of inventory sold by the Debtor to Barry Road. Following the introduction of this new sales program, Barry Road expressed dissatisfaction with the Debtor's new program and a desire to sell the store. After the parties discussed several options, the Debtor agreed to purchase the store from Barry Road. As part of this sale, the Debt-

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

or (1) purchased the inventory, (2) terminated the sublease of the store, (3) entered into a non-compete agreement with the owners of Barry Road, and (4) entered into the Equipment Lease.

The Equipment Lease commenced on December 27, 1996, and was scheduled to terminate on December 26, 2007. Pursuant to the Equipment Lease, the Debtor leased the equipment necessary to operate the Food 4 Less Store while Barry Road retained ownership of the equipment. The Equipment Lease prohibited the Debtor from pledging, lending, subletting, or selling any of the leased equipment without prior written permission from Barry Road. Upon termination of the Equipment Lease, the Debtor had an option to purchase the equipment for its fair market value, not to exceed $25,000.

Several years later, the Debtor decided to sell the Food 4 Less store and possibly convert it into a Festival Foods store. To permit the planned sale and conversion, the Debtor and Barry Road entered into a letter agreement dated September 15, 1998, modifying the Equipment Lease. The modification allowed the Debtor to move, discard, or otherwise dispose of any of the leased equipment without recourse and without obtaining consent from Barry Food. Despite obtaining this modification, the Debtor never sold or converted the Food 4 Less store.

On April 1, 2003, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. On April 17, 2001, the Debtor subleased a portion of the equipment covered by the Equipment Lease to Madison Foods, Inc., and sold or scrapped the remaining equipment.

## II. *JURISDICTION*

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 & 157(B)(2)(A), (B), (K), (M) & (O).

## III. *DISCUSSION*

Barry Road contends that it is entitled to an administrative claim arising from the Debtor's post-petition contractual obligations arising under the Equipment Lease and the proceeds generated by the Debtor from the sale of the equipment covered by the Equipment Lease pursuant to sections 503 and 365 of the Bankruptcy code. The Debtor contends that section 365 is not applicable because the Equipment Lease is not a true lease but rather a disguised security agreement. *See In re Integrated Health Services, Inc.*, 260 B.R. 71, 75 (Bankr.D.Del.2001) (noting that section 365 is not applicable to disguised security agreements.) Since Barry Road did not perfect any security interest in the equipment, the Debtor contends that Barry Road is not entitled to an administrative claim.

The parties agree that Missouri law governs whether the Equipment Lease is a true lease.[2] Under Missouri law, a lease is "a transfer of the right to possession and use of goods for a term in return for consideration, but ... retention or creation of a security interest is not a lease." Mo. Rev.Stat. § 400.2A–103(1)(j). Therefore, to determine what is a lease, we must determine what is a security interest. *Id.* Missouri has adopted revised section 1–201(37) of the Uniform Commercial Code ("the UCC") which defines security interest as

an interest in personal property or fixtures which secures payment or performance of an obligation.... Whether a transaction creates a lease or security

---

**2.** The Third Circuit has suggested, but not decided, that state law governs whether an agreement is a true lease. *In re Continental*

*Airlines, Inc.*, 932 F.2d 282, 294 (3d Cir. 1991).

interest is determined by the facts of each case; however, a transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee, and

(a) the original term of the lease is equal to or greater than the remaining economic life of the goods,

(b) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods,

(c) the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal consideration upon compliance with the lease agreement, or

(d)the lessee has an option to become the owner of the goods for no additional consideration or nominal consideration upon compliance with the lease agreement.

. . . .

For purposes of subsection (37):

(a) Additional consideration is not nominal if . . . (ii) when the option to become the owner of the goods is granted to the leasee the price stated to be the fair market value of the goods determined at the time the option is to be performed. Additional consideration is nominal if it is less than the lessee's reasonably predictable cost of performing under the lease agreement if the option is not exercised.

Mo.Rev.Stat. § 401.1–201(37).

■ In determining whether a lease is a true lease, the form or title chosen by the parties is not determinative. *See, Ford Motor Credit Co. v. Hoskins (In re Hos-*

*kins),* 266 B.R. 154, 159 (Bankr.W.D.Mo. 2001). *See also, Liona Corp v. PCH Assoc. (In re PCH Assoc.),* 804 F.2d 193, 200 (2d Cir.1986); *In re Homeplace Stores, Inc.,* 228 B.R. 88, 93 (Bankr.D.Del.1998). Revised section 1–201(37) deleted all references to the parties' intent. *Hoskins* 266 B.R. at 159.

■ Although Missouri adopted the revised version of section 1–201(37) in 1992, no Missouri state court has addressed whether an agreement is a true lease under the revised UCC. *Id.* The Bankruptcy Court for the Western District of Missouri, however, has construed this section in light of other state court rulings and concluded that an analysis under section 1–201(37) focuses on the "economic realities" of the transaction. *Id.* (citing *Banterra Bank v. Subway Equip. Leasing Corp. (In re Taylor),* 209 B.R. 482 (Bankr.S.D.Ill.1997)).

■ Under an economic realities test, a lease is a security interest if the Debtor cannot terminate the lease's obligations and one of the enumerated provisions of section 1–201(37) is satisfied. *Id.* In this case, the parties agree that the Equipment Lease's financial obligations are not subject to termination by the Debtor. (Stipulations of Admitted Facts at p. 2.) Therefore, our analysis will focus on whether the Equipment Lease satisfies one of the enumerated provisions of section 1–201(37).

### A. *Economic Life of the Equipment*

The first enumerated provision of section 1–201(37) considers whether the original term of the lease is equal to or greater than the remaining economic life of the goods. Mo.Rev.Stat. § 400.1–201(37)(a). The Debtor contends that the Equipment Lease created a security interest because the lease term covered the equipment's entire economic life. We agree. The Debtors' valuation expert established that the equipment would have little or no value at the end of the lease term. She

testified that it would likely cost more to remove the equipment than it was worth. In fact, Barry Road does not contest this. (Post Hearing Memorandum at p. 6.) Because the uncontradicted evidence establishes that the covered equipment would have no economic value at the end of the lease term, the first element of section 1–201(37) is satisfied. Therefore, we must conclude that the Equipment Lease is not a true lease, but rather a disguised security agreement.

### B. *Economics of the Transaction*

Even if we were to conclude that the Equipment Lease is not a disguised security agreement as a matter of law, we must nonetheless determine whether the specific facts of the case establish that the agreement was a disguised security agreement. *Hoskins,* 266 B.R. at 161. The facts of this case support our conclusion that the Equipment Lease was a security agreement for the sale of the equipment. When Barry Road agreed to sell the store to the Debtor, the economic realities suggest that Barry Road was also selling the equipment needed to operate that store. At that time, the owners of Barry Road were attempting to exit the grocery store business. Even if the Debtor chose not to exercise its purchase option it is unlikely that Barry Road would have taken the Equipment back. The evidence established that Barry Road did not intend to operate a grocery store in the future. Supporting this conclusion is the fact that Barry Road did not require the Debtor to sublease the store back to Barry Road if the Debtor elected not to purchase the equipment. Without this provision, Barry Road could not guarantee that it could use the equipment without relocating it to a new location at great cost. Although Dan Birk, President of Barry Road, testified that it now wanted to move back to the store and operate, Barry Road does not have that right. The testimony presented clearly establishes that moving the equipment to a new location would not make economic sense. Accordingly, we conclude that the economic realities at the time the Equipment Lease was executed establish that it was in fact a security agreement.

### IV. *CONCLUSION*

For the foregoing reasons, we conclude that the Equipment Lease is a security interest pursuant to Missouri's Uniform Commercial Code § 1–201(37). Therefore, we deny the Motion of Barry Road Foods, Inc., for the payment of administrative rent. The Debtor's alternative Motion to reject the Equipment Lease is moot.

### *ORDER*

AND NOW, this **1st** day of **APRIL 2004,** upon consideration of the Motion of Barry Road Foods, Inc., for the allowance and payment of an administrative claim, it is hereby

**ORDERED** that the Motion is **DENIED.**